**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KEVIN SANDERS                                                                                          PLAINTIFF

v.                                              NO. 3:16CV00187 JLH

TERRY BYRD, JR., *et al.*                                                                         DEFENDANTS

**ORDER**

Plaintiff Kevin Sanders, an inmate at the Mississippi County Detention Center, filed this lawsuit *pro se*, and submitted an application for leave to proceed *in forma pauperis* (IFP). Documents #1, #2, #6. Because Sanders has provided the necessary documentation, his motion to proceed IFP is granted.

**I. *In Forma Pauperis* Application**

Even though Sanders may proceed IFP, the law requires him to pay a $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The only question is the amount of the monthly payments Sanders must make from his prison trust account to satisfy the filing fee. Here, based on the information contained in the trust fund calculation sheet and certificate, the Court will assess an initial partial filing fee of $15.76.

Sanders' present custodians are directed to collect from Sanders' institutional account an initial partial filing fee of $30.41, and to forward that amount to the Clerk of this Court. Thereafter, Sanders' custodians are directed to collect monthly payments amounting to 20% of the preceding month's income credited to Sanders' prison trust account each time the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. Payments should be clearly identified by the name and number assigned to this action.

The Clerk of Court is directed to send a copy of this order to the Sheriff of the Mississippi County Detention Center, 685 NCR 599, Luxora, Arkansas 72358.

## II. Screening

Before docketing, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to identify cognizable claims and must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."). A *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. Analysis

According to Sanders' complaint, he is being held at the Mississippi County Detention Center without cause. He claims he was arrested for a sexual assault crime that he did not commit. Document #2. He is awaiting trial.

In *Younger v. Harris*, 401 U.S. 37, 43-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44, 91 S. Ct. at 750-51.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S. Ct. 2515, 2523, 73 L. Ed. 2d 116 (1982).

It is apparent that Sanders is involved in an ongoing state judicial proceeding in connection with allegations which are the basis for his detention. Document #4 at 5. Given that the state matter is ongoing, and that the state clearly has an important interest in its criminal justice procedures, the Court should abstain from entertaining Sanders' constitutional claims. There is no indication of bad faith, harassment, or any other extraordinary circumstance which would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Sanders' claims, it must decide whether to dismiss, or to stay, the case. When *Younger* abstention applies in a case where only injunctive or equitable relief is sought, it is clear that the appropriate disposition is dismissal of the federal action. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). However, in *Stroud*, the Eighth Circuit explained:

> When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed. As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining.

179 F.3d at 603-04 (internal citations omitted).

Here, Sanders seeks damages, and does not seek a declaration that a state statute is unconstitutional. Accordingly, Sanders' complaint should be stayed and administratively terminated.

## IV.  Conclusion

1. Sanders' motion to proceed IFP is GRANTED. Document #2.

2. The Clerk of Court is directed to stay and administratively terminate this proceeding pending final disposition of Sanders' state action.

3. Sanders may file a motion to reopen the case within thirty (30) days after such final disposition.

IT IS SO ORDERED this 19th day of August, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE